UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO. 3:18-CV-9-JD-MGG

OPINION AND ORDER

Tavares J. Browning, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his disciplinary hearings in cases ISP 17-08-121 and ISP 17-08-303, where a hearing officer found him guilty of impairing surveillance in violation of Indiana Department of Correction (IDOC) policy B-209. ECF 8 at 1. Browning was sanctioned with the loss of 90 days earned credit time. *Id*. The Warden has filed the administrative record and Browning filed a traverse. This case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record

to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

In this case, Browning was found guilty of violating IDOC offense B-209, which prohibits an inmate from "[u]sing curtains, coverings or any other matter or object in an unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room or which obstructs or otherwise impairs any viewing panel or surveillance equipment, either audio or visual within the facility, including blocking staff's view down a range. Indiana Department of Correction, Adult Disciplinary Process: Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_

Code_for_Adult_Offenders_6-1-2015.pdf.

On August 4, 2017, and August 11, 2017, Officer K. Kaczka wrote conduct reports in cases ISP 17-08-121 and ISP 17-08-303, respectively, charging Browning with violating offense B-209. ECF 13-1 at 1, 13-2 at 1. The conduct report in case ISP 17-08-121 states:

> On 8-4-2017 at approx 9:10 am I Officer K. Kaczka saw a curtain in cell 117 West of D Cell House. The curtain is a sheet strung up over the bed like a canopy. It prevents anyone outside the cell from being able to see someone on the bed. Especially when its dark. I had ordered Offender Browning (#932308), who is assigned to cell 117 west, to take it down but he left it up.

ECF 13-1 at 1. The conduct report in case ISP 17-08-303 states:

> On 8-11-2017 at approx. 12:04 am I, Officer K. Kaczka saw that Offender Browning (#932308) had a curtain up. It was strung up over his bed. This curtain makes it very difficult to see someone laying in the bed at night. Offender Browning has been told to take it down and has not done so. This is in cell 117 West D cell house.

ECF 13-2 at 1.

On August 14, 2017, the screening officer notified Browning of the two charges and served him with copies of the conduct and screening reports. ECF 13-1 at 1, 13-2 at 1, 13-4 at 1, 13-5 at 1. Browning pled not guilty and requested witness statements from Sergeant Christopher Puetzer and Lieutenant Dylan Cabanaw. ECF 13-4 at 1, 13-5 at 1. He also requested video evidence of the cell to show he was not impairing surveillance. *Id*.

The hearing officer contacted Sergeant Puetzer and Lieutenant Cabanaw for written statements. ECF 13-12 at 1, 13-6 at 1, 13-7 at 1. In his statement, Sergeant Puetzer said that he was "not listed as a witness on either one of these conduct reports and was

3

not present or assigned to DCH at the time these were written. I can't give a witness statement for something I did not witness." ECF 13-12 at 1. In regard to case ISP 17-08-121, Lieutenant Cabanaw stated: "[Browning] has a tent over his bed making it hard to see him at night." ECF 13-6 at 1. Regarding case ISP-17-08-303, Lieutenant Cabanaw stated: "He has a tent over his bed, which makes it hard to see at night." ECF 13-7 at 1.

At Browning's request, the hearing officer reviewed the video evidence and wrote summaries of her findings for each case. ECF 13-10 at 1, 13-11 at 1. Her summary for each case stated: "On the above date and approx. time, it is dark in the cell house, so I cannot clearly see into cell D 117." *Id*.

Browning's hearings in cases ISP 17-08-121 and ISP 17-08-303 were held on August 24, 2017. ECF 13-8 at 1, 13-9 at 1. He pled not guilty in both cases. *Id*. In the hearing for ISP 17-08-121 he stated: "I put a blanket over my face. I sleep like that." ECF 13-8 at 1. In the hearing for ISP 17-08-303, Browning stated: "I only have a blanket on my face. I sleep like that." ECF 13-9 at 1. The hearing officer noted in her reports that the video of the two incidents was not viewable. ECF 13-8 at 1, 13-9 at 1. On the basis of Officer Kaczka's conduct reports and Lieutenant Cabanaw's statements, the hearing officer found Browning guilty of violating offense B-209, in both cases. *Id*. He was sanctioned with an aggregate loss of 90 days earned credit time. *Id*.

In his petition, Browning presents two grounds, which he claims entitles him to habeas corpus relief. In his first ground, Browning asserts that there was insufficient evidence for the hearing officer to him guilty. ECF 8 at 2, 4. Here, he claims that he does

4

not use any type of curtain or object, which would impair or obstruct the view into his cell. *Id.* at 2. Instead, he simply sleeps with his head covered because light keeps him awake. *Id.* Moreover, he asserts that the video evidence proves that he did not have any curtain or object impairing the view into his cell. *Id.* And he also claims that Lieutenant Zimmerman, and Officers Buckman and Brown will support the fact that he sleeps with his head covered. *Id.*

In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report for case ISP 17-08-121, Officer Kaczka documented that, on August 4, 2017, Browning had a curtain or sheet strung up over his bed like a canopy. ECF 13-1 at 1. The sheet prevented anyone outside the cell from being able to see someone on the bed, especially when it was dark. *Id.* Officer Kaczka ordered Browning to take down the sheet but he left it up. *Id.* On August 11, 2017, Officer Kaczka wrote a conduct report in case ISP 17-08-303. ECF 13-2 at 1. In that report, he again documented that Browning had a "curtain up" in his cell. *Id.* The curtain was "strung up over his bed" and "ma[de] it very difficult to see someone laying in the bed at night." *Id.* Officer Kaczka noted that Browning had been told to take it down and had not done so. *Id.* In light of the conduct reports detailing the two incidents, there was more than "some evidence" for the hearing officer to find that Browning violated offense B-209, because he had a sheet strung up over his bed like a curtain or canopy, which obstructed Officer Kaczka's view of Browning's bed as well as his line of vision into the cell.

5

To the extent Browning claims that the video evidence exonerates him of the impairment of surveillance offenses, he is incorrect on that point. ECF 8 at 2. During his screening, Browning requested that the hearing officer review the video evidence because it would show he "had nothing impairing surveillance." ECF 13-4 at 1, 13-5 at 1. While Browning had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review the evidence. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Here, he did not have a right to review the video evidence of the incidents because it could provide him with insight into the surveillance techniques used by prison investigators and the location of cameras in the prison. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

Browning also did not have a right to review the video evidence because it did not contain exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Here, the video evidence did not contain exculpatory evidence because the hearing officer noted in her video summaries that "it is dark in the cell house, so [she] [could] not clearly see into cell D 117." ECF 13-10 at 1, 13-11 at 1. Thus, contrary to Browning's assertions, the video evidence did not exonerate him by "prov[ing he] did

6

not have any curtain on any other object impairing the sight of view into [his] cell" because the incidents were not viewable on the videos. ECF 8 at 2.

Browning also claims the evidence was insufficient for the hearing officer to find him guilty because Lieutenant Zimmerman, and Officers Buckman and Brown—all knew he slept with his head covered because light kept him awake. ECF 8 at 2. During his screening, he had the right to request witnesses in his defense. However, as indicated on his screening reports, Browning did not request statements from Lieutenant Zimmerman or Officers Buckman and Brown. ECF 13-4 at 1, 13-5 at 1. Due process is not denied when prison officials deny untimely, day-of-hearing requests for evidence or refuse to consider evidence that could have been but was not timely requested. *McPherson*, 188 F.3d at 786 *Hamilton v. O'Leary*, 976 F.2d 341, 346-47 (7th Cir. 1992). Because Browning did not request statements from these three witnesses, his due process rights were not violated.

In sum, the hearing officer's decision was neither arbitrary nor unreasonable in light of the conduct report and Lieutenant Cabanaw's statement. *McPherson*, 188 F.3d at 786 (a conduct report alone can be enough to support a finding of guilt). The evidence established that Browning violated offense B-209, in cases ISP 17-08-121 and ISP 17-08-303, because he had a sheet strung up over his bed like a canopy preventing anyone outside of the cell from being able to see someone on the bed. Thus, the sheet served to impair the line of vision into the cell. Given these facts, there was more than "some

evidence" for the hearing officer to find Browning guilty. Therefore, his first ground does not state a basis for granting habeas corpus relief.

In his second ground, Browning argues that Lieutenant Cabanaw was an unreliable witness, gave a false statement, and "influenced the hearing officer['s] decision to find [him] guilty." ECF 8 at 3, 4. Lieutenant Cabanaw provided the following statement: "[Browning] has a tent over his bed making it hard to see him at night." ECF 13-6 at 1. However, Browning is not entitled to habeas corpus relief on the basis that Lieutenant Cabanaw allegedly gave a false statement. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. Here, Browning cites to no credible evidence and provides no argument from which he bases his contention that Lieutenant Cabanaw provided a false statement. He simply states that Lieutenant Cabanaw was "not even present at the time of the incident and possibly not even in D cell house on 8-4-2017, at 9:10 pm when [the] alleged offense occurred." ECF 8 at 3. However, Browning himself requested the statement and it is clear from Lieutenant Cabanaw's statement that he, in fact, witnessed the incident and confirmed that Browning had a tent over his bed, which made it hard to see him at night. ECF 13-4 at 1, 13-5 at 1, 13-6 at 1, 13-7 at 1.

Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson*, 188 F.3d at 787. In other words, the protections to which Browning was entitled are the protections afforded by *Wolff*, and his claim that Lieutenant

Cabanaw provided a false statement does not itself entitle him to federal habeas corpus relief. Therefore, this second ground does not identify a basis for granting habeas corpus relief.

If Browning wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Tavares J. Browning's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on February 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT